UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES MCCLEAN,

                                    Petitioner,

                v.

DANIEL WHITE,

                                    Respondent.

Case No. C17-0098-TSZ-MAT

ORDER EXTENDING TIME FOR
PETITIONER TO RESPOND TO THE
ORDER TO SHOW CAUSE

This is a federal habeas action under 28 U.S.C. § 2254. Petitioner filed his original habeas petition on January 20, 2017, which the Court declined to serve because it was not filed on the appropriate form and it did not include all of the necessary information. (Dkts. 1 & 3.) The Court granted petitioner leave to file an amended habeas petition on the proper form, which he did. (Dkts. 3 & 5.) The Court then screened the amended petition and determined, based on the record before it, that this action should be dismissed because it is barred by the statute of limitations and because petitioner did not exhaust his state court remedies. (Dkt. 7.)

On March 15, 2017, the Court issued an order to show cause, giving petitioner an opportunity to explain why this action should not be dismissed. (Dkt. 7.) Petitioner did not provide a substantive response; instead, he expressed confusion and requested an explanation from the

ORDER - 1

1    Court. (Dkt. 8.)

2       In federal habeas actions, the Court reviews all habeas petitions to determine whether there

3 are any legal rules that prevent the case from going forward. Consistent with this policy, the Court

4 reviewed petitioner's amended habeas petition and determined that it could not go forward because

5 it was filed after the statute of limitations had expired, and petitioner did not make any showing

6 that the limitations period should be equitably tolled. (Dkt. 7 at 2-3.) The Court also determined

7 that petitioner did not exhaust his state court remedies or provide grounds to excuse the exhaustion

8 requirement. (*Id.* at 4-5.)

9       When a Court determines that a habeas petition cannot go forward because of one of these

10 rules, it issues an Order to Show cause, which gives the petitioner an opportunity to explain why

11 the Court is wrong. Occasionally, a petitioner is able to respond to an Order to Show cause by

12 showing that equitable tolling should apply. And sometimes a petitioner is able to show that he

13 did properly exhaust his state court remedies or that the exhaustion requirements should be

14 excused. If a petitioner is unable to present information that would allow the case to go forward,

15 the Court recommends that the District Judge dismiss the action.

16       The Court GRANTS him an extension of time until **June 16, 2017**, to respond to the March

17 15, 2017 Order to Show Cause (Dkt. 7). Petitioner should carefully review the Order to Show

18 Cause and submit a brief that offers any explanation he has for why this action is not barred by the

19 statute of limitations *and* why it should not be dismissed based on the state court exhaustion rules.

20 If petitioner does not demonstrate that his claim can go forward, the Court will recommend that

21 this action be dismissed.

22 / / /

23 / / /

ORDER - 2

The Clerk is directed to send copies of this Order to petitioner and to the Honorable Thomas S. Zilly.

DATED this 8th day of May, 2017.

Mary Alice Theiler
United States Magistrate Judge

ORDER - 3