UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES MCLEAN,

              Petitioner,

    v.

DANIEL WHITE,

              Respondent.

Case No. C17-0098-TSZ-MAT

REPORT AND RECOMMENDATION

## I. INTRODUCTION

Petitioner James McClean is proceeding *pro se* in this 28 U.S.C. § 2254 habeas action. He is currently serving a 344-month sentence for first degree murder. (Dkt. 5 at 1.) Upon screening petitioner's amended habeas petition, as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court determined that the action should be dismissed because it is barred by the statute of limitations and because petitioner did not exhaust his state court remedies. (Dkt. 7.) The Court ordered petitioner to show cause why the matter should not be dismissed (*id.*), but he did not file a response. Accordingly, the Court recommends that petitioner's amended habeas petition be DENIED and this matter be DISMISSED with prejudice. The Court also recommends that a certificate of appealability be DENIED.

REPORT AND RECOMMENDATION - 1

## II. DISCUSSION

The one-year limitations period in § 2254 habeas actions starts to run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The one-year limitations period is statutorily tolled for any properly filed collateral state challenge to the pertinent judgment or claim. 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 412-14 (2005).

In most cases, § 2244(d)(1)(A) applies, and the limitations period begins when the time for seeking direct review expires. Petitioner was convicted and sentenced in 2003. (Dkt. 5 at 1.) The amended habeas petition indicates that petitioner filed a direct appeal in the Washington Court of Appeals, which ordered that he be resentenced. (*Id.* at 2.) The amended petition does not state when he was resentenced or whether he sought additional direct review in the state courts. (*Id.* at 2-3.) Petitioner did indicate, however, that he did not seek post-conviction relief. (*Id.* at 3.) While the record in this case does not establish exactly when the limitations period began to run under § 2244(d)(1)(A), given that petitioner was convicted nearly 14 years ago and did not seek post-conviction relief, the current record supports the conclusion that the one-year limitations period has expired. Petitioner did not dispute this conclusion when the Court gave him the opportunity.

The statute of limitations is subject to equitable tolling. *Holland v. Florida*, 130 S. Ct.

REPORT AND RECOMMENDATION - 2

2549, 2560 (2010); *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003). Equitable tolling is available "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness." *Laws*, 351 F.3d at 922 (internal quotation marks and quoted source omitted). To be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (emphasis deleted). In other words, equitable tolling may be appropriate when external forces, rather than a petitioner's lack of diligence, prevent timely filing. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). A petitioner's *pro se* status, ignorance of the law, or lack of legal sophistication do not constitute "extraordinary circumstances" warranting equitable tolling. *Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006) ("It is clear that *pro se* status, on its own, is not enough to warrant equitable tolling."); *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that "a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance"); *Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009) (observing that the equitable tolling "standard has never been satisfied by a petitioner's confusion or ignorance of the law alone"). Petitioner makes no showing that he is entitled to equitable tolling of the federal statute of limitations.

Because the statute of limitations expired years ago and equitable tolling does not apply, petitioner's habeas petition should be denied.[1]

### III.   CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a

---

[1] Given this conclusion, the Court need not discuss petitioner's failure to exhaust his state remedies.

REPORT AND RECOMMENDATION - 3

district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, the Court concludes that a certificate of appealability should be denied as to all claims raised in the habeas petition.

## IV. CONCLUSION

The Court recommends that petitioner's habeas petition be DENIED without an evidentiary hearing, a certificate of appealability be DENIED with respect to all claims, and this action be DISMISSED with prejudice. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 21, 2017**.

Dated this 29th day of June, 2017.

Mary Alice Theiler
United States Magistrate Judge